IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

PARESH RAJAJOSHIWALA,                   §
                                        §
            *Plaintiff,*                §
                                        §
v.                                      §        Civil Action No.  SA-14-CV-715-XR
                                        §
TRAVELERS CASUALTY INSURANCE            §
COMPANY OF AMERICA, AND                 §
JEFFERY TICHOTA,                        §
                                        §
            *Defendants.*               §

## ORDER

On this date the Court considered Plaintiff's motion to remand and for leave to amend the

complaint (docket no. 4). For the following reasons, the Court grants the motion to remand.

### I.        Background

Plaintiff Paresh Rajajoshiwala owns a medical office building in San Antonio, Texas.

Defendant Travelers Casualty Insurance Company of America is an insurance company that

employs Defendant Allen Tichota as a claims adjuster.  Plaintiff maintains insurance on his

office building with Defendant Travelers Insurance.  Plaintiff alleges the building suffered

damage as a result of water leaks in the sanitary drainage system on April 22, 2013.  Plaintiff

promptly made a claim with Travelers Insurance for the loss.  Tichota was the claims adjuster

assigned to handle Plaintiff's claim. Eventually, Plaintiff alleges Defendants wrongfully denied

the claim based on "an exclusion relating to earth movement and wear and tear." Plaintiff alleges

this exclusion should not apply to his plumbing damage claim.

Plaintiff filed a state court petition in the 285th Judicial District in Bexar County, Texas,

on June 24, 2014. Defendants removed to federal court on August 11, 2014 based on diversity

jurisdiction. Plaintiff filed this opposed motion to remand to state court and a motion for leave to amend his complaint on September 10, 2014.

## II.      Legal Standard

A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction. *See* 28 U.S.C. § 1441(a). On a motion to remand, the court must consider whether removal was proper. Removal is proper in any case in which the federal court would have had original jurisdiction. *Id.* A federal court originally has subject matter jurisdiction over controversies involving disputes between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Citizenship of the parties and amount in controversy are based on the facts as they existed at the time of removal. *Louisiana v. Am. Nat. Prop. Cas. Co*., 746 F.3d 633, 636 (5th Cir. 2014). The court is only to consider the allegations in the state court petition; any amended complaints filed after removal are not considered. *Cavallini*, 44 F.3d at 264 (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939) ("The second amended complaint should not have been considered in determining the right to remove . . . [removal] was to be determined according to the plaintiffs' pleading at the time of the petition for removal.")).

The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). The removal statute is strictly construed in favor of remand. *Vantage Drilling Co. v. Hsin-Chi Su,* 741 F.3d 535, 537 (5th Cir. 2014) (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

### III.     Analysis

A court only has diversity jurisdiction when the parties are completely diverse, i.e. when no plaintiff is a citizen of the same state as any defendant.  *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998).  Here, Plaintiff and Defendant Tichota are both citizens of Texas. Travelers Insurance is diverse from Plaintiff.  The amount in controversy exceeds $200,000. Defendants argue that Tichota is improperly joined.  If Tichota is stricken from the suit, complete diversity exists and removal was proper.  Therefore, the Court must determine if Tichota was improperly joined.

A removing party can establish federal jurisdiction based on 28 U.S.C. § 1332 by demonstrating that an in-state defendant has been "improperly joined."  *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).  To establish improper joinder, a removing party must show a plaintiff cannot "establish a cause of action against the non-diverse party in state court."  *Id.* (quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)). A plaintiff cannot establish a cause of action against an in-state defendant if there is "no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573.

The improper joinder analysis closely resembles a Rule 12(b)(6) analysis.  *Id.*  However, unlike in a traditional Rule 12(b)(6) analysis, the Court has discretion to review evidence on whether plaintiff has a viable cause of action against the non-diverse defendant under state law. *Id.* (citing *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 389 n. 10. (5th Cir. 2000)).  "The burden is on the removing party; and the burden of demonstrating improper joinder is a heavy one."  *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999)).  As a preliminary matter, pursuant to

*Cavallini* and *Pullman*, the Court only considers Plaintiff's state court petition on this motion for remand because the amended pleading was not on file before removal.  Further, some of the claims against Tichota in the state court petition are abandoned.[1]

To prevent remand, Defendants must meet their heavy burden showing Plaintiff has no reasonable basis for any of his claims against Tichota.  The remaining causes of action asserted from the state petition are: 1) violations of the Texas Deceptive Trade Practices Act §§ 17.50(a) and 17.46(b); 2) violations of Texas Insurance Code Chapter 541; 3) violations of Texas Insurance Code Chapter 542, including the Prompt Payment of Claims Act; and 4) Negligent Misrepresentation. Plaintiff has a possibility of recovery in state court on at least one cause of action asserted in his original petition.

State court petitions in Texas are not held to the same heightened pleading standard established in *Bell Atl. Corp. v. Twombly* for federal courts. 550 U.S. 544, 570 (2007).  Still, some of the claims asserted against Tichota in the state court petition likely will not survive even in state court.  Texas Deceptive Trade Practices claims are limited to those connected with the sale of good or services.  Tichota, as an adjuster, was not connected with the sale of Plaintiff's insurance policy.  And the plain language of Prompt Payment of Claims Act shows only insurers can violate that statute.

However, Plaintiff's allegations against Tichota and Travelers Insurance for violating Texas Insurance Code § 541.060 for unreasonable investigation have a reasonable basis in state law that may lead to Plaintiff recovering from Tichota.  Adjusters are "persons" under the Insurance Code.  TEX. INS. CODE § 541.002.  Failing to conduct a reasonable investigation of a claim is a violation of Texas law.  TEX. INS. CODE § 541.060(a)(7); *see McNeel v. Kemper Cas.*

---

[1] Plaintiff concedes in the Motion for Remand that Tichota is not liable for breach of contract, negligent handling of a claim, or breach of the duty of good faith and fair dealing.

*Ins. Co.*, CIV.A. 3:04-CV-0734, 2004 WL 1635757 (N.D. Tex. July 21, 2004).  Therefore, the original state court petition plausibly states a claim against Tichota.  It is enough for remand that only one count in the state petition has a reasonable basis.  Defendant Travelers Insurance and Tichota have not met their heavy burden to establish improper joinder of Tichota.[2]

### IV.    Conclusion

For the above reasons, the Court GRANTS Plaintiff's motion for remand (docket no. 4). The Court lacks jurisdiction over this removed case and remands the case pursuant to section 1447(c) and (d). The Clerk is directed to REMAND this case to state court and to close the case. Additionally, because the Court lacks jurisdiction over this case, the Court lacks jurisdiction to rule on the motion for leave to amend the complaint.

It is so ORDERED.

SIGNED this 23rd day of September, 2014.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[2] Defendants' main argument is Plaintiff fails to state a claim against Tichota because Plaintiff does not allege specific facts attributable to Tichota. Instead, the state court petition only alleges "Defendants" denied Plaintiff's claim and "Defendants" acted in all ways the law was violated in the petition. Federal courts in Texas have held this pleading practice may lead to improper joinder. *See, e.g.*, *DeCluette v. State Farm Lloyds*, 3:12-CV-4449-B, 2013 WL 607320, *2 (N.D. Tex. Feb. 19, 2013). To the extent this opinion might be read to conflict with those other courts, this Court is not convinced the original petition in this case does not plausibly state a claim under Texas law and pleading practice.